UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNY P. RUIZ, JR.,

    Plaintiff,

v.

N. WALKER; et al.,

    Defendants.
                                   /

No. C 06-5559 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Johnny P. Ruiz, a prisoner now incarcerated at Corcoran State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint concerns defendants' alleged activity in setting up Ruiz to be assaulted by another inmate when he was incarcerated at Salinas Valley State Prison. The complaint alleges the following:

On September 29, 2005, lieutenant Walker ordered Ruiz to be moved from one administrative segregation ("ad-seg") unit to another ad-seg unit for his alleged involvement in a conspiracy to murder a peace officer. Correctional officer Lonero took Ruiz from his cell under the pretense that Ruiz would be cleaning showers and then told him that he was being moved.

Upon Ruiz's arrival at the new ad-seg unit, sergeant Sotelo, and correctional officers Aldana and Rocha sent Ruiz to a cell. Ruiz noticed that one of his documented enemies was in the cell and protested, telling the escorting officers that he knew the prisoner and "I can't go in there." Complaint, p. 5. Nonetheless, sergeant Sotelo opened the door and Ruiz was shoved into the cell. As soon as Ruiz and his new cellmate (Marcos Guillen) were released from their handcuffs, a fight broke out. Ruiz suffered injuries, including a puncture wound to the throat and a chest wound. Defendants Sotelo, Ortega, Aldana, Rocha and Galindo then responded to an alarm and stopped the fight with pepper spray.

Ruiz was escorted to the treatment center for medical care. MTA G. Lauber noted Ruiz's injuries on a medical evaluation sheet. Ruiz was then housed in a single cell and, within a week, was moved back to his original ad-seg unit.

Ruiz received a rule violation report on October 7, 2005 that was inconsistent and suggested to him a cover-up of a conspiracy to have him harmed. MTA Lauber allegedly had re-written his medical evaluation to show less severe injuries than those noted earlier. Other correctional officer defendants failed to write up required staff reports about the fight.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834.

Liberally construed, the allegations of the complaint state a claim under § 1983 for deliberate indifference to Ruiz's safety in violation of his Eighth Amendment rights. Ruiz has adequately linked defendants Walker, Sotelo, Aldana, Rocha, and Lonero to his claim.

The complaint does not state a claim for relief against defendants Galindo and Ortega, whose alleged involvement consisted of assisting in stopping a cell fight. Even if these defendants did not properly document the cell fight, the lack of documentation cannot be said to have caused the already-completed attack on Ruiz.

The complaint also does not state a claim for relief against defendant Lauber, who did the medical evaluation. Even if Lauber later changed the medical evaluation form, that cannot be said to have caused the already-completed attack on Ruiz. Ruiz cannot overcome the timing problem by alleging a conspiratorial cover-up. A mere allegation of conspiracy without factual specificity is insufficient. Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000) (quoting Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988)), reversed on other grounds by Johnson v. California, 125 S. Ct. 1141 (2005).

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Walker, Sotelo, Aldana, Rocha, and Lonero. Defendants Galindo, Ortega and Lauber are dismissed from this action.

3

2.   The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of this order upon the following five defendants, all of whom apparently are employed at Salinas Valley State Prison:

- N. Walker (correctional lieutenant)
- A. Sotelo (correctional sergeant)
- D. Aldana (correctional officer)
- D. Rocha (correctional officer)
- C. Lonero (correctional officer)

3.   In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.   No later than **March 2, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b.   Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **April 6, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

   c.   If defendants wish to file a reply brief, they must file and serve the reply

brief no later than **April 20, 2007**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: December 18, 2006

_____
SUSAN ILLSTON
United States District Judge