UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY P. RUIZ, JR., | No. C 06-5559 SI (pr) |
| Plaintiff, | **ORDER STAYING DISCOVERY AND SETTING BRIEFING SCHEDULE** |
| v. | |
| N. WALKER; et al., | |
| Defendants. | |

Defendants Aldana, Lonero, Rocha and Walker have filed a motion to stay discovery pending a decision on their motion for summary judgment in which they assert entitlement to judgment as a matter of law on the defense of qualified immunity. (The fifth defendant, Sotelo, is represented by separate counsel and has not moved for a stay of discovery, but has asserted a qualified immunity argument in his separate motion for summary judgment.) The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, the court GRANTS defendants' motion to stay discovery. (Docket # 33.) All discovery is STAYED for until defendants' motions for summary judgment raising the qualified immunity defense are resolved. The stay of discovery applies to all defendants.

In light of the stay of discovery, plaintiff's motions to compel discovery responses are DENIED. (Docket # 34, # 37.) The denial of these motions is without prejudice to plaintiff filing new motions to compel discovery if his case survives the pending motions for summary judgment.

Plaintiff's ex parte requests for an extension of time to file his opposition briefs to the two pending motions for summary judgment are GRANTED. (Docket # 35, # 40.) Plaintiff must file and serve on both defense counsel his opposition brief(s) no later than **October 10, 2007**. Defendants must file and serve on plaintiff their reply briefs, if any, no later than **October 24, 2007.**

The two defense attorneys apparently have not served a copy of their respective motions for summary judgment on each other. All documents filed with the court must be served on all other parties, regardless of whether a party is seeking relief against that other party. No later than **September 19, 2007**, counsel for defendant Sotelo must serve a copy of Sotelo's motion for summary judgment on counsel for defendants Aldana, Lonero, Rocha and Walker, and counsel for defendants Aldana, Lonero, Rocha and Walker must serve a copy of their motion on counsel for Sotelo. Plaintiff must serve a copy of his opposition brief(s) on each of the two defense attorneys, regardless of whether his filing pertains to one or both sets of defendants.

IT IS SO ORDERED.

Dated: September 4, 2007

SUSAN ILLSTON
United States District Judge

2